ZEHMER, Judge.
We reverse the workers’ compensation order denying temporary partial disability benefits.
Claimant, Edward Petersime, was injured January 27, 1984, when he fell approximately seven feet after a ramp collapsed while he was loading milk. He was treated by an orthopedist, Dr. Miller, until May 23, 1984. His employer, Pet Dairy, and its workers’ compensation carrier paid temporary total disability benefits from the date of the accident through April 26, 1984. The employer and carrier denied that temporary partial disability benefits were due subsequent to April 27 because there was no medical evidence of temporary disability and claimant reached maximum medical improvement with no permanent impairment on April 27, 1984. Claimant was examined by Dr. Kauffman on August 20, 1984, and both his testimony and that of Dr. Miller were considered by the deputy at the hearing held in October 1984. The deputy’s order found as follows:
3. Dr. Miller treated the claimant conservatively and diagnosed sprains and contusions. He relates the problem to the industrial accident. The claimant has some X-ray evidence of a deranged back although it is not clear whether this is developmental or traumatic. On his deposition, Dr. Miller would not render an opinion as to maximum medical improvement or as to permanent partial disability. I find as a matter of law that the burden is on the claimant to produce affirmative medical testimony as to temporary or permanent disability. The failure of the doctor to render an opinion is a bar to the claim. Dr. Kauffman has seen the claimant and finds that the claimant has multiple symptoms which are not justifiable by the physical examination.
4. The claimant has made a reasonable job search under the circumstances and has not voluntarily limited his employment. He appears at the hearing giving no evidence of any particular *684 physical pain or problems. His main complaint is that Dr. Miller has recommended against heavy or repeated lifting. So too has Dr. Kauffman recommended against the claimant’s heavy lifting.
5. The claimant denies, and there is no evidence to contradict his testimony that he has had no prior back problems, except for occasional transient episodes of back strain. As a matter of law the claimant has the burden of producing competent and substantial evidence that he is suffering a disability on account of the accident and that disability is either temporary or permanent in nature. Dr. Miller’s testimony is that he has no opinion as to maximum medical improvement. He believes that the claimant will reinjure himself if he undertakes heavy lifting. He believes that the claimant may or may not improve and his back may become stronger or may not become stronger in the future. This is not sufficiently competent and substantial upon which to- place an award of benefits.
(Emphasis added.) Based on these findings, the deputy commissioner denied the claim for compensation.
The deputy’s order is patently inconsistent. The treating physician’s opinion that claimant has or has not reached maximum medical improvement is not a legal prerequisite to an award of temporary partial disability benefits. The deputy’s order finds that claimant had made a reasonable job search under the circumstances, had not voluntarily limited his employment, and, though he did not appear to complain of any particular physical pain or problem, did complain that the physicians recommended against any employment involving heavy or repeated lifting. The record is undisputed that both Dr. Miller and Dr. Kauffman had told claimant he should avoid heavy and repeated lifting, which apparently affected claimant’s ability to obtain work. Dr. Kauffman opined that claimant should reach maximum medical improvement about sixty days after his examination on August 20, clearly indicating that claimant was still suffering at least temporary effects of his injury when examined. These facts are sufficient to make out a prima facie showing for temporary partial disability compensation benefits, and the deputy erred in concluding that the facts as found in this order are insufficient to support an award of benefits.
Accordingly, we reverse and remand for reconsideration of the claim for wage loss during the period of claimant’s temporary partial disability. In view of the passage of time since the date of the appealed order and the date of this opinion, the parties may present additional evidence on the issues of maximum medical improvement and the proper classification of benefits, i.e., temporary or permanent, that may be due the claimant.
REVERSED and REMANDED.
WENTWORTH and NIMMONS, JJ., concur.